TONY WEST
Assistant Attorney General
DANIEL G. BOGDEN
United States Attorney
ARTHUR R. GOLDBERG
Assistant Branch Director
MARSHA STELSON EDNEY
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington D.C. 20001
202-514-4520
Marsha.edney@usdoj.gov
Attorneys for the Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| RAY LaHOOD, Secretary of Transportation, | ) ) ) ) |
| Plaintiff, | ) ) **Civil Action No. 2:11-CV-01768 (JCM-CWH)** |
| vs. | ) ) |
| AVATAR TOURS, LLC SEAN DELANEY II and BRENDEN DELANEY | ) ) ) ) ) |
| Defendants. | ) ) |

**CONSENT DECREE**

This Consent Decree is entered between Plaintiff Ray LaHood, Secretary of Transportation ("the Secretary") and Sean Delaney II, and Brenden Delaney and Avatar Tours, LLC  along with Avatar Tours, LLC's owners, partners, shareholders, officers, and members, (hereinafter "Avatar Tours" and with Sean Delaney II and Brenden Delaney "Defendants") for

1

the purpose of resolving the issues raised between the Secretary and the Defendants in the above-captioned case. The term "Parties" collectively refers to the Secretary and the Defendants.

**BACKGROUND**

1. Interstate motor carrier transportation is regulated under Title 49, Subtitle IV, Part B, of the United States Code. Pursuant to 49 U.S.C. § 13501, the Secretary of Transportation has authority over interstate motor carrier transportation of persons or property. In accordance with 49 U.S.C. § 113(f), the Federal Motor Carrier Safety Administration (FMCSA) carries out the powers and duties of the Secretary related to the regulation of interstate motor carrier transportation.

2. Section 13901 of Title 49 of the United States Code provides that a for-hire motor carrier may not operate over the public highways in interstate or foreign commerce unless the motor carrier is granted and maintains operating authority registration with FMCSA. Similarly, 49 C.F.R. § 392.9a(a) provides that a motor vehicle providing transportation requiring operating authority registration must not be operated without the required operating authority.

3. Section 13902 of Title 49 of the United States Code provides that a person may be registered as a motor carrier if that person is able and willing to comply with the federal motor carrier statute and accompanying regulations and certain minimum financial responsibility requirements established under 49 U.S.C. § 13906. Such motor carriers must also meet the safety fitness requirements under 49 U.S.C. § 31144.

4. Defendants operate as a for-hire motor carrier operating commercial motor vehicles, as defined in 49 U.S.C. § 13102. Accordingly, Defendants are subject to the requirements of federal motor carrier statutes, including 49 U.S.C. §§ 13901 and 13902, and accompanying regulations, including 49 C.F.R. § 392.9a(a).

5. The Secretary has authority to make regulations regarding commercial motor vehicle safety (49 U.S.C. § 31136), and minimum financial responsibility for transporting passengers (49 U.S.C. § 31138), and may prescribe requirements for the safe operation and equipment of motor carriers and motor private carriers (49 U.S.C. § 31502). The Secretary also

2

has authority to determine the safety fitness of an owner or operator of commercial motor vehicles.  (49 U.S.C. § 31144).

6. Pursuant to 49 U.S.C. § 31144, the FMCSA promulgated regulations establishing procedures to determine the safety fitness of motor carriers, and to implement the statutory prohibitions on operations by a motor carrier after receiving a safety rating of "unsatisfactory". (49 C.F.R. Part 385).

7. Defendants are subject to the requirements of the federal motor carrier safety statutes, including 49 U.S.C. §§ 31135, 31136 and 31144, and the Federal Motor Carrier Safety Regulations ("FMCSRs") codified at 49 C.F.R. Parts 350-399.

8. The Secretary has brought the complaint against the Defendants pursuant to 49 U.S.C. §§ 507 and 14702 to enforce the requirements of 49 U.S.C. §§ 13901, 13902 and 31144, and accompanying regulations, including 49 C.F.R. § 49 C.F.R. § 392.9a(a) and 385.13(a)(1). The Secretary's complaint alleged that following a compliance review of Defendants' motor carrier operations on July 7, 2011 Defendants' received an unsatisfactory safety rating.  Because Defendants' failed to take necessary actions to improve the safety rating, the unsatisfactory safety rating became final and FMCSA ordered Defendants' to cease motor carrier operations in and affecting interstate commerce.  FMCSA also revoked Defendants' operating authority registration.  The unsatisfactory safety rating, Order to Cease and revocation of Defendants' operating authority became effective August 28, 2011, and remain in effect.  The Secretary's complaint further alleges that the Defendants have operated commercial motor vehicles transporting passengers in interstate commerce without having the required operating authority registration from FMCSA and in violation an FMCSA Order to Cease and the prohibitions associated with its final unsatisfactory safety rating.  The Secretary seeks declaratory and injunctive relief to prevent the Defendants from engaging in interstate motor carrier transportation operations without current, valid operating authority registration in their current business name or in any other name or identification, and unless and until Defendants have taken necessary corrective actions and received a conditional or satisfactory safety rating from

3

FMCSA.

9. The Parties have agreed to enter this Consent Decree to resolve the issues raised by the Secretary's complaint without further litigation.

10. The Secretary represents that this Consent Decree serves the public interest purposes of Title 49, Subtitle IV, Part B, of the United States Code.

## CONSENT DECREE

It is therefore agreed, by and between the parties, as follows:

1. Defendants, their officers, agents, servants, employees, and attorneys, and persons with whom they are in active concert or participation are required to comply fully with FMCSA's Order to Cease and are enjoined from operating any commercial motor vehicle in or affecting interstate commerce unless and until the order is rescinded by FMCSA.

2. Defendants, their officers, agents, servants, employees, and attorneys, and persons with whom they are in active concert or participation, are enjoined from operating any commercial motor vehicle in interstate commerce that requires operating authority registration in accordance with 49 U.S.C. § 13901 unless and until Defendants' obtain valid operating authority from FMCSA.  Defendants are further enjoined from contracting with or arranging for additional transportation of passengers unless the contracted motor carrier possesses any required operating authority registration from FMCSA.

2. Defendants, their officers, agents, servants, employees, and attorneys, and persons with whom they are in active concert or participation, are enjoined from applying to FMCSA for a new or renstated/reactivated USDOT Number other than USDOT No. 2038766 and/or new or reinstated operating authority registration except under USDOT No.2038766.

3. Defendants, their officers, agents, servants, employees, and attorneys, and persons with whom they are in active concert or participation, are enjoined from applying to FMCSA for

operating authority registration unless such application accurately discloses any and all affiliations with any other business or entity regulated by the Secretary, as required by the FMCSA's application form.

4. Defendants , their officers, agents, servants, employees, and attorneys, and persons with whom they are in active concert or participation are enjoined from knowingly assisting and/or aiding other persons or motor carriers from operating without the requisite operating authority registration and/or in violation of federal motor carrier statute and regulations and FMCSA orders.

5. This Consent Decree resolves only the Secretary's claims for declaratory or injunctive relief in the above-captioned action and is without prejudice to any rights the Secretary has against Defendants with respect to matters not expressly provided for herein. This Consent Decree does not resolve any other past, present, or future disputes between the Parties, including but not limited to proceedings for civil penalties for violations of federal motor carrier statues and regulations, and does not restrict the Secretary from taking any future action pursuant to his lawful authority to enforce federal motor carrier statutes and regulations.

6. This Consent Decree is binding upon the Parties as of the date it is signed by the Parties.

7. This Consent Decree becomes an Order of the Court on the date it is approved.

8. If any provision of this Consent Decree is determined to be invalid or unenforceable for any reason, then such provision shall be treated as severed from the remainder of the Consent Decree and shall not affect the validity and enforceability of all of its other provisions, as long as such severance does not materially change the Parties' rights and obligations.

9. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

10. Each of the Parties to this Consent Decree shall bear its/his own fees and costs.

1  DATED: 12/14/11                    _____
2                                     SEAN DELANEY II
3
4  DATED: 12/14/11                    _____
5                                     BRENDEN DELANEY
6
7  DATED: 12/14/11                    _____
8                                     AVATAR TOURS, LLC
9                                     By: SEAN DELANEY
10                                    Title: Manager
11
12
13  DATED: 12/15/11                   TONY WEST
                                      Assistant Attorney General
14
                                      DANIEL G. BOGDEN
15                                    United States Attorney
16
17                                    _____
                                      ARTHUR R. GOLDBERG
18                                    Assistant Branch Director
                                      MARSHA STELSON EDNEY
19                                    Senior Trial Counsel
                                      United States Department of Justice
20                                    Civil Division, Federal Programs Branch
                                      20 Massachusetts Ave., N.W, Rm. 7148
21                                    Washington D.C. 20001
                                      202-514-4520
22                                    Marsha.Edney@usdoj.gov
23                                    Attorneys for the Plaintiff

24  **SO ORDERED** December 23, 2011.
25
26  _____
    HONORABLE JAMES C. MAHAN
27  UNITED STATES DISTRICT JUDGE

6